J. Stephen Peek, Esq., NV Bar # 1758
J. Robert Smith, NV Bar #10992
HOLLAND & HART LLP
5441 Kietzke Lane
Second Floor
Reno, NV 89511
P: (775) 327-3000 / Fax: (775) 786-6179
speek@hollandhart.com
jrsmith@hollandhart.com

Attorneys for Plaintiff Ruby Pipeline, LLC

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RUBY PIPELINE, L.L.C., a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>0.768 ACRES OF REAL PROPERTY IN ELKO COUNTY, NEVADA; THE ESTATE OF VELDA HANVILLE; ELKO COUNTY, NEVADA; 0.498 ACRES OF REAL PROPERTY IN HUMBOLDT COUNTY, NEVADA; RICHARD C. HARRIS, an individual; JANE M. HARRIS, an individual; 2.673 ACRES OF REAL PROPERTY IN HUMBOLDT COUNTY, NEVADA; 0.335 ACRES OF REAL PROPERTY IN HUMBOLDT COUNTY, NEVADA; JDK 1991 TRUST; JAMES EDWARD BATEMAN AS CO-TRUSTEE OF THE JDK 1991 TRUST; CHERYL J. BATEMAN, AS CO-TRUSTEE OF THE JDK 1991 TRUST; INTERMOUNTAIN FEDERAL LAND BANK ASSOCIATION FLCA; FRANK TSCHANNEL, an individual; 0.743 ACRES OF REAL PROPERTY IN HUMBOLDT COUNTY, NEVADA; BENJAMIN INAY SOLOMON, TRUSTEE UNDER THAT CERTAIN UNRECORDED SELF TRUSTEED TRUST; CONCEPTION PENA SOLOMON TRUSTEE UNDER THAT CERTAIN UNRECORDED SELF TRUSTEED TRUST; and ALL UNKNOWN OWNERS OF OR INTEREST HOLDERS IN THE ABOVE DESCRIBED TRACTS,<br><br>Defendants. | CASE NO.: 3:10-cv-00332-RCJ-RAM<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT CONFIRMING PLAINTIFF'S CONDEMNATION AUTHORITY |

1

# [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT CONFIRMING PLAINTIFF'S CONDEMNATION AUTHORITY

The Court, having carefully considered Plaintiff, Ruby Pipeline, L.L.C.'s ("Ruby Pipeline") Motion for Partial Summary Judgment Confirming Ruby Pipeline's Condemnation Authority, the points and authorities in support thereof, and the evidence presented therewith, including the Declaration of Thomas L. Price, the Declaration of John J. Jermyn, the Declaration of Robert M. Poteete, the Declaration of Kelly Osborn; the Affidavit of Lynn A. Christiansen, the Affidavit of David W. Clare, the Affidavit of Time Proeme, and the Declaration of Daniel Gredvig, and the Court notes that no objections or defenses to the taking have been filed and that no responses were filed thereto, and good cause appearing; the Court finds that: (1) the Court has jurisdiction of this matter pursuant to 15 U.S.C. § 717f(h); (2) Ruby Pipeline holds a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission authorizing the construction, operation and maintenance of the Ruby Pipeline Project; (3) that the land to be taken is necessary to the Ruby Pipeline Project; (4) that Ruby Pipeline has been unable to acquire by contract, or has otherwise been unable to agree with the landowners on a price for the taking; and, (5) Ruby Pipeline has established to the satisfaction of the Court that it engaged in good faith negotiations with the landowners.

**IT IS THEREFORE ORDERED** that Ruby Pipeline's Motion for Partial Summary Judgment Confirming Ruby Pipeline's Condemnation Authority is hereby **GRANTED**; and that Ruby Pipeline has the power of eminent domain, under the Natural Gas Act, 15 U.S.C. §717f(h), to acquire the easements and temporary workspaces as prayed for in the Verified Complaint with respect to the real property owned by the Estate of Velda Hanville, and the real

property owned by that Certain Unrecorded Self Trusted Trust of which Benjamin Inlay Solomon is Trustee, for the limited uses and purposes described in the Verified Complaint.

DATED this 12 day of October, 2010

_____
JUDGE ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE

Submitted by:
HOLLAND & HART LLP

By: _____
J. Stephen Peek, Esq., NV Bar # 1758
J. Robert Smith, NV Bar #10992
5441 Kietzke Lane
Second Floor
Reno, NV 89511

4930669_1.DOC

3