1  J. Stephen Peek, Esq.
   Nevada Bar No. 1758
2  J. Robert Smith
   Nevada Bar No. 10992
3  HOLLAND & HART LLP
   5441 Kietzke Lane, Second Floor
4  Reno, NV 89511
   Phone: (775) 327-3000
5  Fax: (775) 786-6179
   *Attorneys for Plaintiff Ruby Pipeline, LLC*
6

7              **THE UNITED STATES DISTRICT COURT**

8                **FOR THE DISTRICT OF NEVADA**

9  RUBY PIPELINE, L.L.C., a Delaware limited
   liability company,                              **CASE NO.:   3:10-cv-00332-RCJ-WGC**
10
                          Plaintiff,
11 vs.

                                                   **ORDER GRANTING PLAINTIFF RUBY**
12 0.768 ACRES OF REAL PROPERTY IN                 **PIPELINE, L.L.C.'S MOTION FOR**
   ELKO COUNTY, NEVADA; THE ESTATE                 **SUMMARY JUDGMENT AND**
13 OF VELDA HANVILLE; ELKO COUNTY,                  **AWARDING JUST COMPENSATION**
   NEVADA; 0.498 ACRES OF REAL
14 PROPERTY IN HUMBOLDT COUNTY,
   NEVADA; RICHARD C. HARRIS, an
15 individual; JANE M. HARRIS, an individual;
   2.673 ACRES OF REAL PROPERTY IN
16 HUMBOLDT COUNTY, NEVADA; 0.335
   ACRES OF REAL PROPERTY IN
17 HUMBOLDT COUNTY, NEVADA; JDK
   1991 TRUST; JAMES EDWARD
18 BATEMAN AS CO-TRUSTEE OF THE
   JDK 1991 TRUST; CHERYL J. BATEMAN,
19 AS CO-TRUSTEE OF THE JDK 1991
   TRUST; INTERMOUNTAIN FEDERAL
20 LAND BANK ASSOCIATION FLCA;
   FRANK TSCHANNEL, an individual; 0.743
21 ACRES OF REAL PROPERTY IN
   HUMBOLDT COUNTY, NEVADA;
22 BENJAMIN INAY SOLOMON, TRUSTEE
   UNDER THAT CERTAIN UNRECORDED
23 SELF TRUSTEED TRUST; CONCEPTION
   PENA SOLOMON TRUSTEE UNDER
24 THAT CERTAIN UNRECORDED SELF
   TRUSTEED TRUST; and ALL UNKNOWN
25 OWNERS OF OR INTEREST HOLDERS
   IN THE ABOVE DESCRIBED TRACTS,
26
                          Defendants.
27

28

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

1

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

THIS MATTER came before the Court on Plaintiff Ruby Pipeline, L.L.C.'s Motion for Summary Judgment and for an Order Awarding Just Compensation [Doc 98]. Ruby Pipeline, L.L.C. ("Ruby") sought summary judgment on its condemnation claim against the Estate of Velda Hanville (the "Estate"), 0.768 Acres of Real Property in Elko County, and all unknown owners or interest holders in the subject property, with respect to a 50-foot wide permanent easement across the Hanville property in order to operate and maintain a natural gas pipeline. Ruby also requested that the Court award the Estate $5,000.00 as just compensation for the easement. The hearing on this matter was held on April 13, 2015. Appearing on behalf of Ruby was J. Robert Smith with the law firm of Holland & Hart, LLP and Laurence Garrett with Ruby. The Estate has never appeared in this matter, and no one appeared on its behalf or on behalf of any interested person at the hearing. The Court having considered the Motion [Doc. 98], Reply [Doc. 100], Declarations and Exhibits in support thereof, and having heard the argument of counsel for Ruby, grants Ruby's Motion for Summary Judgment and awards just compensation in the amount of $5,000.00.

## I.    FINDINGS

1.    On April 5, 2010, Ruby was issued a Certificate of Public Convenience and Necessity (Certificate) by the Federal Energy Regulatory Commission ("FERC") to construct and operate a natural gas pipeline and related facilities in Wyoming, Utah, Nevada, and Oregon (the "Project."). [See Doc. 98-1 (131 FERC P 61007 (F.E.R.C.), 2010 WL 1286021)].

2.    The Certificate issued to Ruby required that "the authorized facility locations shall be as shown in the [Environmental Impact Statement], as supplemented by filed alignment sheets." [See Doc. 98-1 (131 FERC P 61007, 61037, 2010 WL 1286021,*30)]. The Certificate further directed that "Ruby's exercise of eminent domain authority granted under Section 7(h)

2

1  of the Natural Gas Act in any condemnation proceedings related to this order must be

2  consistent with these authorized facilities and locations." *Id.*

3      3.      Other than the defendants in this case, Ruby successfully negotiated with all of

4  the Nevada landowners whose property the FERC approved right-of-way crossed.  Because

5  Ruby was unable to reach an agreement with the above-captioned defendants for the purchase

6  of certain easements on their properties, Ruby filed this action seeking to acquire the property

7

8  rights by eminent domain.

9      4.      After this lawsuit was filed, and except for the Estate, Ruby was able to

10  negotiate agreements with each of the Defendants, who were later dismissed from this action.

11      5.      The property owned by the Estate, and that is the subject of this action, is

12  unimproved land located in a remote area of Elko County, Nevada, APN 010-16E-067, and

13  legally described as follows:

14

15      Northwest Quarter of the Southwest Quarter of the Northwest Quarter of
        Section 19, Township 41 North, Range 67 East of the Mount Diablo
16      Meridian, Elko County Nevada.

17  (the "Hanville Property").   The Hanville Property is located on the final route for the Project

18  and is, therefore, necessary for the Project.

19      6.      Ruby seeks a 50-foot permanent and perpetual easement and right-of-way across

20  the Hanville Property for the purposes, presently and at any such time in the future as Ruby

21  may elect, of constructing, maintaining, operating, renewing, repairing, relocating, removing

22

23  and/or replacing the pipeline in a manner consistent with Ruby's Certificate and the regulations

24  of FERC, for the transportation of natural gas, and all appliances, appurtenances, fixtures,

25  equipment, and facilities whether above or below ground, deemed by Ruby to be necessary or

26  desirable in connection with the pipeline.

27

28

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

3

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

7. The 50-foot pipeline easement at issue crosses a portion of the Hanville Property, and is legally described as follows:

A 50.00 foot easement for pipeline purposes across a portion of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of Section 19, Township 41 North, Range 67 East of the Mount Diablo Meridian, Elko County Nevada. Said easement being 25.00 feet on each side of the following described centerline:

Commencing from the Northeast Corner of the Northwest Quarter of said Section 19, thence South 00 degrees 03 minutes 17 seconds West, along the East line of the Northwest Quarter of said Section 19, a distance of 1710.15 feet: thence South 81 degrees 47 minutes 14 seconds West, a distance of 2010.11 feet to the East line of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of said Section 19 and the Point of Beginning; thence continuing South 81 degrees 47 minutes 14 seconds West, a distance of 669.46 feet to the West line of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of said Section 19 and the Point of Terminus, at which point the Northwest Corner of the Northwest Quarter of said Section 19, bears North 00 degrees 26 minutes 45 seconds West, a distance of 1971.01 feet.

Extending or shortening the side lines to close upon the East and West lines of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of said Section 19. Containing 33,472.78 Square Feet or 0.768 Acres more or less.

(Hereinafter the "Easement").

8. With respect to the Hanville Property, Ruby's negotiators determined that Ray and Velda Hanville were the listed owners of the Property, but that Ray Hanville died in the 1980's and Velda Hanville died in 1997 in Santa Clara County, California. Subsequent inquires in those county records and adjacent counties yielded no additional information about the administration of Ms. Hanville's estate. Ruby's investigation further indicated that Ms. Julie Rosenthal may be an heir of the Hanville Estate. Ruby sent Ms. Rosenthal a letter on March 6, 2009, informing her of the Project and that construction activities would likely be crossing the Hanville Property. Ruby's negotiators also spoke with Ms. Rosenthal via telephone on several occasions subsequent to the March 6, 2009 letter regarding the Project.

4

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

9.      On March 22, 2010, Ruby extended a formal offer to Ms. Rosenthal to purchase the Easement from the Hanville Estate in the amount of $1,892.93.  Ms. Rosenthal did not respond to the March 22, 2010 offer.  On May 5, 2010, Ruby sent a second letter to Ms. Rosenthal, increasing the offer to purchase the Easement from $1,892.93 to $5,000.00.  Ms. Rosenthal did not respond to the May 5, 2010 offer letter.  Ruby's efforts to locate relatives of the deceased landowners and negotiate with them was made in good faith.

10.      After filing the Complaint in this case, Ruby requested the Court's permission to serve the Notice required by Federal Rule of Civil Procedure 71.1(d)(2) upon the Estate via publication. [Doc. 15, 16].  Service by publication was completed on July 9, 2010, as evidenced by Proof of Publication filed by Ruby on August 26, 2010.  [Doc. 45].  Despite this Notice, no Answer was filed and no persons have come forward to appear on behalf of, or claim an interest in, the Hanville Property.

11.      In June 2010, and in connection with determining the value of the Easement across the Hanville Property, Ruby retained an Accredited Rural Appraiser (ARA) and a Certified General Appraiser familiar with ranch land in Northern Nevada to appraise the Hanville Property.   [See Doc. 98-3].   Ruby's land appraiser valued the entire 9.75 acres comprising the Hanville Property at $5,645.00, and opined that the just compensation for the 50-foot Easement was $445.00. The appraiser's value for the Easement has not changed since his original appraisal in June 2010.  Although the appraised value of the Easement interests is relatively low, Ruby stands by its prior $5,000.00 offer and maintains such amount is just compensation for the Easement interests. The Court, therefore, finds that $5,000.00 constitutes just compensation for the Easement interests across the Hanville Property.

12.      On September 3, 2010, Ruby brought a motion for: (1) partial summary judgment seeking confirmation of its condemnation authority regarding the Easement across

5

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

the Hanville Property [Doc. 66]; and (2) a preliminary injunction seeking immediate possession of the land comprising the Easement. [Doc. 66]. This Court granted Ruby's motions. [See Doc.'s. 81 and 82]. Armed with the Court's order granting Ruby the right to immediately occupy the Hanville property and construct the pipeline, Ruby was ultimately able to complete construction of the pipeline.

13. On February 17, 2015, Ruby brought a Motion for Summary Judgment on its claim against the Estate. [Doc. 98]. In its Motion, Ruby requested: (1) an order of condemnation be entered condemning the property interests – the Easement – sought in this action; and (2) an order awarding just compensation in the amount of $5,000.00 for the Easement.

14. After filing its Motion for Summary Judgment, Ruby had Ms. Rosenthal personally served with a copy of: (1) Notice of Motion for Summary Judgment; (2) Motion for Summary Judgment; and (3) a cover letter enclosing the Motion. [*See* Docs. 100 and 101]. Ms. Rosenthal was personally served with these documents on February 20, 2015. [Doc. 100-3]. In addition, Ruby had the Notice of Motion for Summary Judgment published in the Elko Daily Free Press on March 5, March 7, March 10, and March 12, 2015. [Doc. 100-4].

15. Despite personal service on Ms. Rosenthal and publication of the Notice in the Elko Daily Free Press, no opposition to the Motion for Summary Judgment was filed by anyone, and no one appeared to oppose the Motion.

## II.  CONCLUSIONS OF LAW

**A.  Ruby is Entitled to an Order of Condemnation.**

Pursuant to the Natural Gas Act, the FERC Certificate issued to Ruby authorizes it to exercise the power of eminent domain to acquire property necessary to the Project when it is unable, despite its good faith efforts, to reach an agreement with the landowner as to the

6

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

compensation to be paid.  *See* 15 U.S.C. § 717f(h).  In order to obtain an order of condemnation by the District Court, Ruby must show: "(1) that it holds a FERC certificate authorizing the relevant project; (2) that the land to be taken is necessary to the project; and (3) that the company and the landowners have failed to agree on a price for the taking . . . ."  *Transwestern Pipeline Co.*, LLC v. 17.19 Acres, 550 F.3d 770, 776 (9th Cir. 2008).

Ruby meets the criteria for an order of condemnation set forth in Section 717f(h) of the Natural Gas Act, and is therefore entitled to summary judgment on its condemnation claim.

### 1.      *Ruby Holds a FERC Certificate for the Project.*

It is undisputed that Ruby holds a FERC Certificate authorizing the construction, operation, and maintenance of the Project.  [See Doc. 98-1 (131 FERC P 61007 (F.E.R.C.), 2010 WL 1286021)].  Moreover, this Court has already found that "Ruby Pipeline holds a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission authorizing the construction, operation and maintenance of the Ruby Pipeline Project."  [See Doc. 81, at 2:14-16].  Therefore, the first requirement for issuing an order of condemnation has been established.

### 2.      *The Property Sought to be Condemned is Necessary to the Project.*

As explained above, the Pipeline crosses a segment of the Hanville Property. That Property was necessary to the Ruby Project.  Specifically, the Certificate issued to Ruby fixed the Final Route for the Project.  Ruby was required to locate the Project as shown in the Environmental Impact Statement Prepared for the Project; the route that FERC has concluded is "an environmentally acceptable action."  [*See* Doc. 98-1 (131 FERC P 61007, 61036, 2010 WL 1286021, *27)].  That conclusion makes the condemnation sought here necessary within the meaning of Section 717f(h).  *See Williams v. Transcontinental Gas Pipe Line, Corp*., 89 F. Supp. 485, 488 (W.D.S.C. 1950) (rejecting landowner's contention that property was not

necessary to a pipeline project because alternate routes existed, "the determination of what property is needed to accomplish the public purpose for which the right of eminent domain is given must of necessity rest with the agency charged with carrying out the public work"); *see also California Gas Producers Association v. Federal Power Commission*, 383 F.2d 645, 648 (9th Cir. 1967) ("…the granting or denial of a certificate of public convenience and necessity is a matter peculiarly within the discretion of the Commission."). Moreover, the Court has previously concluded "that the land to be taken is necessary to the Ruby Pipeline Project." [Doc. 81, at 2:16]. Accordingly, the second requirement for issuing an order of condemnation has been established.

### 3. *Ruby Pipeline has Been Unable to Reach Agreement with the Hanville Estate to Acquire the Necessary Easements.*

Finally, Ruby has been unable to reach an agreement with the landowner. As explained above, the owners Ray and Velda Hanville died many years ago. Despite Ruby's efforts to negotiate with a relative of Velda Hanville, such negotiations have been unsuccessful. Consequently, Ruby has been unable to acquire by contract, or has otherwise been unable to agree with the landowners on a price for the taking. In addition, Ruby has established to the satisfaction of the Court that it engaged in good faith efforts to locate relatives of the deceased landowners and negotiate with them. Therefore, Ruby has established the third and final requirement for this Court to issue an order of condemnation.

## B. The Just Compensation for the Easement is $5,000.00.

Given that Ruby has established the necessary requirements for the Court to issue an order of condemnation of the Easement across the Hanville Property, the only issue left for the Court to determine is the just compensation to be paid by Ruby for the property interest condemned. As the First Circuit has recognized,

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

8

> Once a [certificate] is issued by the FERC, and the gas company is unable to acquire the needed land by contract or agreement with the owner, the only issue before the district court in the ensuing eminent domain proceeding is the amount to be paid to the property owner as just compensation for the taking.

*Maritimes & Northeast Pipeline, L.L.C. v. Decoulos*, 146 Fed.Appx. 495, 498 (1st Cir. 2005).

Ruby's land appraisal expert valued the entire 9.75 acres comprising the Hanville Property at $5,645.00, and opined that the just compensation for the 50-foot Easement was $445.00. Nevertheless, Ruby previously offered the last known relatives of Mrs. Hanville $5,000.00 for the Easement interests, which Ruby continues to maintain is just compensation. Accordingly, the Court concludes that $5,000.00 constitutes just compensation for the Easement interests across the Hanville Property.

In addition, because no identified heirs of Ms. Hanville or representatives of her Estate have entered an appearance, and the Property appears to have been abandoned, Ruby requested that it be permitted to pay the compensation into the registry of the Court and held by the Court for a reasonable period of time in the event an heir comes forward. If no heir comes forward, the money should escheat to the State of Nevada. The Court agrees with this procedure.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Ruby Pipeline, L.L.C.'s Motion for Summary Judgment is **GRANTED**.

2. Ruby Pipeline, L.L.C. is granted a 50-foot permanent and perpetual easement and right-of-way for the purposes, presently and at any such time in the future as Ruby Pipeline, L.L.C. may elect, of constructing, maintaining, operating, renewing, repairing, relocating, removing and/or replacing the pipeline in a manner consistent with Ruby Pipeline, L.L.C.'s Federal Certificate of Public Convenience and Necessity, issued on April 5, 2010, and the regulations of the Federal Energy Regulatory Commission, for the transportation of natural

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

9

gas, and all appliances, appurtenances, fixtures, equipment, and facilities whether above or below ground, deemed by Ruby Pipeline, L.L.C. to be necessary or desirable in connection with the pipeline, across the following described real property in Elko County, Nevada, APN 010-16E-067:

> Northwest Quarter of the Southwest Quarter of the Northwest Quarter of Section 19, Township 41 North, Range 67 East of the Mount Diablo Meridian, Elko County Nevada.

3. The Easement that Ruby Pipeline, L.L.C. is granted is legally described as follows:

> A 50.00 foot easement for pipeline purposes across a portion of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of Section 19, Township 41 North, Range 67 East of the Mount Diablo Meridian, Elko County Nevada. Said easement being 25.00 feet on each side of the following described centerline:
>
> Commencing from the Northeast Corner of the Northwest Quarter of said Section 19, thence South 00 degrees 03 minutes 17 seconds West, along the East line of the Northwest Quarter of said Section 19, a distance of 1710.15 feet: thence South 81 degrees 47 minutes 14 seconds West, a distance of 2010.11 feet to the East line of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of said Section 19 and the Point of Beginning; thence continuing South 81 degrees 47 minutes 14 seconds West, a distance of 669.46 feet to the West line of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of said Section 19 and the Point of Terminus, at which point the Northwest Corner of the Northwest Quarter of said Section 19, bears North 00 degrees 26 minutes 45 seconds West, a distance of 1971.01 feet.
>
> Extending or shortening the side lines to close upon the East and West lines of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of said Section 19. Containing 33,472.78 Square Feet or 0.768 Acres more or less.

4. Ruby shall pay $5,000.00 as just compensation for the Easement. Because there has been no appearance on behalf of the Estate or by any interested person, such compensation shall be paid to the Court Clerk and held in the registry of the Court for a reasonable period of time in the event someone subsequently claims an interest in the Property. In the event no one

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

10

1   claims an interest in the Property during a reasonable period time as determined by the Court,

2   the compensation shall escheat to the State of Nevada.  To the extent Ruby has already paid

3   money into the registry of the Court in excess of the $5,000.00, Ruby is entitled to a return of

4   the balance in excess of the $5,000.00.

5

6        Dated this 11th day of May, 2015.

7

8   _____
    JUDGE ROBERT C. JONES

9   UNITED STATES DISTRICT COURT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11